■ PENTHOUSE INTERNATIONAL LTD., Respondent, v GOULD PAPER CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered on May 29, 1980, affirmed. Respondent shall recover of appellants $50 costs and disbursements of this appeal. Concur—Birns, J. P., Fein and Lupiano, JJ.

Markewich and Bloom, JJ., dissent in a memorandum by Bloom, J., as follows: This matter comes to us by virtue of the granting of a motion for reargument, and upon such reargument, striking Items Nos. 2 and 3 of defendant's revised second set of interrogatories. Plaintiff publishes the magazine *Penthouse*. Defendant Gould Paper Corporation (Gould) is a supplier of paper. Plaintiff's complaint contains three causes of action. The first cause sounds in breach of contract; the second in business defamation and the third seeks a declaratory judgment. The answer consists of denials, six affirmative defenses and seven counterclaims. The

counterclaims allege that the acts of *Penthouse* in breach of the agreement to buy paper exclusively from Gould Paper Corporation have resulted in damage to Gould's "reputation, goodwill and credit standing with the mills"; that *Penthouse* has failed to pay its bills within the time frame specified in the agreement between the parties; failure to pay bills presently due and owing; improper and unauthorized deduction of discounts; withholding of moneys due in accordance with bills rendered without basis of justification; loss of anticipated profits resulting from the termination of the agreement by Gould as a result of the material breaches of the agreement by *Penthouse;* and finally, a third party claim against Penthouse Publications, Ltd., an English corporation, on a guarantee issued by the English corporation to Gould for moneys due from *Penthouse.* Defendant served its second revised set of interrogatories and plaintiff moved for a protective order with respect thereto. Initially, the motion was denied. On reargument, the original determination was recalled and the protective order granted as to Items Nos. 2 and 3. Item No. 2 contains eight subdivisions, all dealing with the December, 1973 issue of *Penthouse* magazine. The information sought is fairly detailed. It encompasses date of publication; date of distribution; advertising revenues; sales revenues; delays in printing, publication or distribution, if any, and the reasons therefor; and the amount of advertising sales revenues projected, including the dates and persons making such projections. We think, that in light of the claim made for business defamation, these items go to the issue of liability and particularly to the question of damages. Accordingly, we hold that the item was proper in its entirety. Item No. 3, although it contains only four subdivisions, is more detailed because it is directed to each issue of *Penthouse* magazine published between October, 1973 and December, 1975. These subdivisions deal with projected advertising revenues and advertising revenues actually received; and sales revenues projected and sales revenues received. Like the information requested in Item No. 2, the disparity, if any, between projection and receipt of advertising revenues bears on the issues of liability and damage while disparity between sales revenues projected and those actually received bears clearly on the issue of damage. Accordingly, we would reverse and deny the motion for a protective order in its entirety.